IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


T.M., A CHILD,

      Appellant,

 v.                                          Case No. 5D15-4244

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 31, 2017

Appeal from the Circuit Court
for Putnam County,
Scott C. Dupont, Judge.

James S. Purdy, Public Defender, and
Susan A. Fagan, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      T.M. appeals his adjudication of delinquency after the trial court found that he

committed felony cruelty to animals.  T.M. raises two issues on appeal, contending that

the trial court erred in:  1) denying his motion for judgment of acquittal on the ground that

T.M. did not demonstrate an intent to harm the dog; and 2) failing to enter an order finding

him competent to proceed to an adjudicatory hearing. As to the first issue, we affirm without further discussion.

As to the second issue, the trial court had previously found that T.M. was incompetent to proceed to an adjudicatory hearing. On October 2, 2015, the trial court held a subsequent hearing and orally found that T.M. was competent to proceed. However, as the State concedes, the record of this appeal does not contain a written order with this finding entered following the hearing. See Hunter v. State, 174 So. 3d 1011, 1015 (Fla. 1st DCA 2015) ("[T]he record decidedly lacks a written order from the trial court adjudicating Hunter competent for trial, as required by [Florida Rule of Criminal Procedure] 3.212(c)(7) . . . we simply remand to the trial court to enter the needed written adjudication *nunc pro tunc*."). Therefore, we remand with instructions for the trial court to enter an order, nunc pro tunc, finding T.M. competent to proceed to an adjudicatory hearing.

AFFIRMED; REMANDED with instructions.

SAWAYA, PALMER and TORPY, JJ., concur.